JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Fatima Senderovic, & Jasmin Ahmetovic, Et Al.

**(b)** County of Residence of First Listed Plaintiff: **Hartford County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eric L. Foster, Esq., 48 Main Street, Old Saybrook, CT 06475
203-533-4321
James W. Hurt, Jr., 1551 Jennings Mill Rd., Ste. 3100-B
Watkinsville, GA 30677  706-395-2750

## DEFENDANTS
Consumer Legal Group PC
Aryeh Weber

County of Residence of First Listed Defendant: **New York County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [X] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1679, et. seq.

Brief description of cause:
Defendants violated 15 U.S.C. 1679, et.seq.

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: August 16, 2024

SIGNATURE OF ATTORNEY OF RECORD: /s/ Eric L. Foster, Esq.  ct29740

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FATIMA SENDEROVIC, and ) <br> JASMIN AHMETOVIC, individually and ) <br> For all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) CIVIL ACTION NUMBER: <br> v. ) <br> ) _____ <br> CONSUMER LEGAL GROUP PC, and ) <br> ) CLASS ACTION <br> ARYEH WEBER, ) <br> ) <br> Defendant. ) <br> _____) | |

**COMPLAINT FOR DAMAGES IN CLASS ACTION**

COMES NOW, Fatima Senderovic and Jasmin Ahmetovic, individually and on behalf of all others similarly situated, and file this, their Complaint for Damages in Class Action, against Consumer Legal Group PC and Aryeh Weber, and show this Honorable Court the following:

**NATURE OF THE ACTION**

Plaintiffs seek damages for Defendant Consumer Legal Group violations of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679 *et seq*. Specifically, for violating 15 U.S.C. § 1679b(a) by making untrue statements regarding Plaintiffs' consumer's "credit worthiness [creditworthiness], credit standing, or credit capacity to, (A) any consumer reporting agency," and "(B) any person—(i) who has extended credit to the consumer." *Id*.

**THE PARTIES, JURISDCTION AND VENUE**

1.

Plaintiff Fatima Senderovic is a United States citizen residing in the State of Connecticut and at all relevant times to the activities described in this Complaint, has been and remains a citizen of the State of Connecticut.

2.

Plaintiff Jasmin Ahmetovic is a United States citizen residing in the State of Connecticut and at all relevant times to the activities described in this Complaint, has been and remains a citizen of the State of Connecticut.

3.

Defendant Consumer Legal Group PC is a New York law firm with its principal place of business at 11 Broadway, Suite 300, New York, NY 10004, and offices in Millville, NJ where it receives mail at CS-#5013 Millville, NJ 08332 and at P.O. Box 412 Elmsford, NY 10523.

4.

Defendant Consumer Legal Group PC maintains its registered office at USACORP Inc. 325 Division Avenue, Suite 201, Brooklyn, NY 11211.

5.

Defendant Aryeh Weber is the principal attorney at Consumer Legal Group PC.

6.

Defendant Weber can be served with Summons and a copy of this Complaint at her residence at 1763 50th Street, Brooklyn, NY 11204.

7.

The Court has subject matter jurisdiction over the action under this Court's federal question jurisdiction, 28 U.S.C. § 1331.

8.

Defendants are subject to the personal jurisdiction of this Court as Defendants have transacted business in this state; have committed a tortious act within the state, have committed a tortious act outside the state causing injury to person or property within the state and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. Conn. Gen. Stat. Ann. § 52-59b.

9.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(2) as a substantial part of the events or omissions giving rise to the claim occurred.

**RELEVANT FACTS**

10.

Prior to June 2023, Plaintiffs had amassed a large amount of consumer debt and began looking for a solution to try and relieve the stress of owing over $54,800.00 to twenty-two (22) different creditors.

11.

Plaintiff Senderovic called a debt relief company to combine her debts into one monthly payment and the debt relief company pitched this "new" debt validation program

that Defendant Consumer Legal Group PC and Aryeh Weber offered and that all Plaintiff's debt would be removed from her credit reports.

12.

After hearing of the debt validation program and how it would "eliminate" all her debts, Plaintiff Senderovic recruited her boyfriend, Jasmin Ahmetovic, to also participate in the debt validation scheme.

13.

On or about June 16, 2023, Plaintiff Senderovic, and on June 20, 2023, Jasmin Ahmetovic entered into agreements with Defendants to:

- Assist you in stopping creditors and any related debt collectors from harassing or contacting you in connection with any of the debts identified below;

- Dispute the legal validity of the debts identified below based upon information provided by you;

- Assist you in addressing erroneous or inaccurate information in connection with debts identified below;

- Represent you in any lawsuit filed against you in connection with any of these debts;

- Defend you against any collection activity or lawsuit on any debt identified below at any point in time, without expiration;

- Initiate legal action in a court of competent jurisdiction against any creditor that violates any state or federal law in connection with any debt identified below; and

- Determine your qualification for bankruptcy under Chapter 7 or Chapter 13 of the U.S. Bankruptcy Code, and counsel you regarding the procedures and effects of bankruptcy as well as your qualification to file the same.

"Services Agreement" p. 1, attached hereto.

14.

Plaintiffs were required to provide to Defendants a list of all their unsecured debts, which they complied with.

15.

Plaintiff Senderovic was required under the agreement to make twenty-three (23) payments in the amount of $404.80 beginning on July 21, 2023 and one final payment of $404.72 on June 7, 2024, for a total of $9,715.12.

16.

Plaintiff Ahmetovic was required under the agreement to make thirty-two (32) payments in the amount of $287.23 beginning on June 30, 2023 and one final payment of $287.18 on March 30, 2026, for a total of $9,469.54.

17.

In August 2023 and continuing for several months thereafter, Defendants sent multiple cease a desist letters to all of Plaintiffs' creditors, regardless of the status of the debt.

18.

These cease and desist letters stated to each of Plaintiffs' creditors:

To Whom It May Concern:

My law firm represents **Fatima Senderovic** in connection with the above-referenced account that you claim is owed by my client. We are exploring all options to resolve my client's debts, including bankruptcy.

Effective immediately, you are to **CEASE ALL COMMUNICATION** with my client; including, but not limited to, calling any telephone numbers associated with the above-referenced account, and/or calling any third parties. All further communications regarding the above-referenced account should be directed to our office.

If you have any questions regarding this matter, please contact Consumer Legal Group at 212-920-1247. Thank you for your attention to this matter.

Very truly yours,

*Aryeh Weber*

Aryeh Weber
**Consumer Legal Group PC**
Support@consumerlegalgroup.com

19.

Defendants sent a total of thirty-three (33) such letters to Plaintiffs' creditors in the months of August and September 2023 despite having knowledge that the debts were valid.

20.

Then, in October 2023, the language in the cease and desist letters changed to the following:

I am writing to inform you that my client disputes the alleged debt and also concerning your reporting of the above-referenced account with the credit bureaus. My client believes that you are reporting false information to the credit bureaus. As a professional courtesy, I am sending this letter to try and resolve this matter before protracted and expensive litigation. On behalf of my client, I hereby demand that you provide true and accurate copies of all the documentation used to confirm the accuracy of the information you are reporting to the credit bureaus. **Additionally, I respectfully request that you provide me with the following: 1. the amount of the debt; 2. the name of the creditor to whom the debt is owed; 3. verification or copy of any judgment (if applicable); 4. proof that you are licensed to collect debts in the appropriate jurisdiction; 5. proof of the last payment made on the account. Accordingly, if you have already reported this debt to any credit-reporting agency (CRA) or Credit Bureau (CB), then you must immediately inform them of my dispute with this debt.**

Additionally, I hereby demand, once again, that you **CEASE AND DESIST** all further communications with my client and direct all communication regarding this account to me. If I do not hear from you in 30 days, I will presume that you are unable to justify the information being reported to the credit bureaus and are therefore violating the Fair Credit Reporting Act. If necessary, we are prepared to initiate litigation in the corresponding federal district.

Sincerely,

*Aryeh Weber*

Aryeh Weber

21.

Defendants sent a total of eighteen (18) such letters to Plaintiffs' creditors October 10, 2023 despite having knowledge that the debts were valid.

22.

Defendants also disputed twenty (20) debts with Equifax, Experian and TransUnion in August and September 2023, despite having knowledge that the debts were valid.

23.

Each credit dispute letter was identical:

> Please take note that I adamantly deny liability for the above-referenced account, and hereby assert that **I DO NOT OWE** the account, that the balance listed is the **WRONG AMOUNT**, and that ███████████████ **CANNOT COLLECT** the account.
>
> Based on the foregoing, pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et al., I hereby demand the immediate **REMOVAL/DELETION** of this account from my credit report, and that you block any future reporting of the same.
>
> Very truly yours,
>
> Fatima Senderovic
>
> (poa)

24.

At its essence, Defendants' activities were attempts to intimidate Plaintiffs' creditors into abandoning any attempts at collecting Plaintiffs' debt due to the appearance of a valid dispute as to the validity of the debt.

25.

Further, Defendants' disputes to the credit reporting bureaus were also attempts to remove valid reporting entries by Plaintiffs' creditors in an attempt to declare a valid debt invalid through the credit reporting dispute process.

## COUNT 1 – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679

26.

The Credit Repair Organizations Act ("CROA") states as its purpose:

> (1) to ensure that prospective buyers of the services of credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and

> (2) to protect the public from unfair or deceptive advertising and business practices by credit repair organizations.

15 U.S.C. § 1679 (b).

27.

Plaintiffs are consumers within the definition of CROA. 15 U.S.C. § 1679a (1).

28.

Each of the Defendants is a "credit repair organization" within the definition of CROA, as each Defendant is:

> [a] person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of—
>
> > (i) improving any consumer's credit record, credit history, or credit rating; or
> >
> > (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i)[.]

15 U.S.C. § 1679a (3) (A).

29.

Under CROA, "No person may . . . make or use any untrue or misleading representation of the services of the credit repair organization." 15 U.S.C. § 1679b (a) (3).

30.

CROA states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed." 15 U.S.C. § 1679b (b).

31.

Defendants repeatedly made untrue and misleading representations to Plaintiffs' creditors and to the credit reporting agencies in violation of CROA and by informing Plaintiffs that Defendants would eliminate their debts with their creditors, but instead Defendants intended to and did line their pockets with Plaintiffs' money while doing little or nothing to truly assist Plaintiffs or improve their credit or resolve their debts.

32.

Further, Defendants violated CROA by "charging money or other valuable consideration for the performance of [debt validation services] which the [Defendants have] agreed to perform for any consumer before such service is fully performed." 15 U.S.C. § 1679b (b).

33.

CROA states that:

> Any person who fails to comply with any provision of this title [15 U.S.C. §§ 1679 *et seq*.] with respect to any other person shall be liable to such person in an amount equal to the sum of the amounts determined under each of the following paragraphs:
>
> (1) Actual damages. The greater of—
>
> > (A) the amount of any actual damage sustained by such person as a result of such failure; or
> >
> > (B) any amount paid by the person to the credit repair organization.
>
> (2) Punitive damages.
>
> > (A) Individual actions. In the case of any action by an individual, such additional amount as the court may allow.
> >
> > (B) Class actions. In the case of a class action, the sum of—

> (i) the aggregate of the amount which the court may allow for each named plaintiff; and
>
> (ii) the aggregate of the amount which the court may allow for each other class member, without regard to any minimum individual recovery.
>
> (3) Attorneys' fees. In the case of any successful action to enforce any liability under paragraph (1) or (2), the costs of the action, together with reasonable attorneys' fees.

15 U.S.C. § 1679g (a).

34.

Plaintiffs have suffered actual damages under CROA as a result of one or more the Defendants' actions.

### COUNT 2 – DAMAGE TO PLAINTIFFS' CREDIT

35.

The sending of these dispute letters attempting to invalidate legitimately owed debts and informing Plaintiffs to stop paying all of their creditors caused significant damage to Plaintiffs' credit score and caused Plaintiffs' creditors to file multiple debt collection lawsuits against Plaintiffs.

36.

Plaintiffs have suffered significate damages thereby, seeing a precipitous decline in Plaintiffs' credit score, to the point that neither Plaintiff has the ability to apply for any credit.

### CLASS ACTION ALLEGATIONS

37.

Plaintiffs seek to have this Court certify the following class:

> All persons who, while residing in the state of Connecticut, received credit repair services from Defendants on or after June 16, 2023 and from whom Defendants undertook credit

repair services for in violation of the Credit Repair Organizations Act.

38.

On information and belief, the named Plaintiffs and the Plaintiff Class Members were solicited by Defendants through a standard marketing scheme through which the Defendant offered "debt validation services" through Defendants' standard debt validation scheme. Such marketing and services are typical of those experienced by the Plaintiffs and the proposed Plaintiff Class Members.

39.

On information and belief, the fees collected by the Defendants from the proposed Plaintiff Class Members are uniformly assessed to every customer of Defendants and can readily be determined from a ministerial review of the records of the Defendants.

40.

On information and belief, the contract entered into between Defendants and Plaintiffs is a standard contract which is substantially the same as the contract Defendant entered into with the Plaintiff Class Members.

41.

The names and addresses of the Plaintiff Class Members can readily be determined from a ministerial review of the records of the Defendants and through the account statements of the Defendants pertaining to collection of such charges, fees, contributions, or combinations thereof for the debt validation services.

42.

The membership of the class is numerous and joinder of individual plaintiffs is impractical. On information and belief, the Defendants have provided illegal "debt

validation services" to over hundreds of residents of the State of Connecticut since June 16, 2023.

43.

There are questions of law and fact common to all members of the Plaintiff class, and these common questions of law and fact predominate over any individual issues. The principle questions pertinent to the class as a whole include:

- a) Whether the Defendants' standard means of doing business in debt validation constitutes "credit repair" under 15 U.S.C. § 1679;
- b) Whether Defendant violated 15 U.S.C. § 1679 by accepting fees from Plaintiff Class Members for the provision of credit repair before such services were rendered;
- c) The liability of the Defendants for violations of the Credit Repair Organizations Act;
- d) The appropriate measure of damages and the appropriate remedies; and
- e) Defenses raised by the Defendant.

44.

The claims of the named Plaintiffs are typical of the claims of the Plaintiff Class Members, which all arise from the same operative facts and are based on the same legal theory, and Plaintiffs' claims will thus adequately represent those of the Plaintiff Class Members.

45.

The named Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class Members. Plaintiffs have retained counsel with experience in class action litigation,

and they are not aware of any interest that might cause them not to vigorously pursue this case.

46.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder is impracticable. The expense and burden of individual litigation make it virtually impossible for the members of the class to proceed individually, and it is therefore most efficient to resolve all claims based on the Defendants' conduct in one forum.

47.

The Plaintiffs are aware of no difficulties that will be encountered in the management of this litigation that would render the action unmanageable. This is not a class action that will require an analysis of the Defendants' conduct as to individual class members.

48.

Prosecution of separate actions by individual Plaintiff Class Members would create adjudications that would be dispositive of the interests of the other members not parties to the adjudication. Plaintiffs are not aware of any other pending actions against these Defendants for these same causes of action.

49.

Without a class action mechanism, members of the Plaintiff Class would be substantially impaired or impeded in their ability to protect their interests. The value of claims of the individual class members would be in an amount that makes prosecution outside of the class action uneconomical.

50.

A final judgment on the merits of the named Plaintiffs' claims would be fully dispositive of the claims and interests of those similarly situated who are not specifically named as a plaintiff in this action.

**WHEREFORE**, Plaintiffs being entitled to a trial by jury and judgment against Defendants, pray for the following:

a) That summons be directed to Defendants and served upon it as provided by law;

b) That this Court set this matter down for a class certification discovery scheduling conference following the commencement of this action;

c) That Plaintiffs be designated class representatives for the Class as defined herein;

d) That Plaintiffs' counsel be designated class counsel for the Class as defined herein;

e) That the Class be certified for all persons who, while residing in the state of Connecticut, received credit repair services from Defendants on or after June 16, 2023 and from whom Defendants undertook credit repair services for in violation of the Credit Repair Organizations Act;

f) That the Court hold a hearing as soon as practicable for the determination of class certification for the Class;

g) For each violation of 15 U.S.C. § 1679 by Defendants, that Plaintiffs and the members of the Class be awarded an amount equal to all charges or fees, paid to Defendants;

h) That Defendant be required to pay all monies herein referred to in subparagraph g) into a common fund for the benefit of the Class, less expenses and attorneys' fees;

i) That the Court conduct a "fairness hearing," after due and proper notice to all members of the Class, and make such award of attorneys' fees and expenses as the Court deems appropriate from the common fund (as above referred to) and/or from Defendants;

j) That Plaintiffs, individually and as class representative for the Class, have a trial by jury;

k) That Plaintiffs and the members of the Class be awarded interest on any award granted, with such interest accruing from the time of the filing of this Complaint until the time final Judgment in this case is paid;

l) That the named Plaintiffs be awarded an incentive award from Defendants for the benefit the named Plaintiffs have conferred on the Class members through their commitment of time and expense in conducting this lawsuit; and

m) That the named Plaintiffs, individually and as class representatives of all others similarly situated, have such other equitable and further relief as this Court deems proper.

Respectfully submitted, this 15th day of August, 2024.

                    HURT STOLZ, P.C.

                    /s/ James W. Hurt, Jr.
                    By: James W. Hurt, Jr.
                    Georgia Bar No.: 380104
                    *Pro Hac Vice* pending

1551 Jennings Mill Road
Suite 3100-B
Watkinsville, Georgia 30677

(706) 395-2750
Facsimile: 706-996-2576
jhurt@hurtstolz.com

ERIC LINDH FOSTER LAW, LLC

/s/ Eric L. Foster
By: Eric L. Foster, Esq.
Juris No.: ct29740
48 Main Street
Old Saybrook, CT 06475
Tel: (203) 533-4321
Fax: (203) 738-1024
efoster@lindhfoster.com

ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE CLASS